## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

EDITH FUOG, individually and on behalf of those similarly situated,

*Plaintiff*,

*v.*

CVS PHARMACY, INC.,
CAREMARK PHC, LLC,

*Defendants*.

Civ. Action No. 1:20-cv-00337-WES-LDA

## CVS PHARMACY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Defendant CVS Pharmacy, Inc. ("CVS") hereby answers Plaintiff's Second Amended Class Action Complaint ("Complaint") (ECF No. 40).

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into CVS's responses to each paragraph of the Complaint:

A.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and CVS respectfully refers the Court to the respective materials for their true and complete contents.

B.     Except as otherwise expressly stated herein, CVS denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, unnumbered paragraphs, paragraphs, titles, headings, subheadings, table of contents, footnotes, and exhibits,

and specifically denies any liability to Plaintiff. To the extent not expressly denied, all allegations for which CVS denies possessing knowledge or information sufficient to form a belief are denied.

C.      CVS reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

## I.      NATURE OF THE ACTION

1.      CVS denies the allegations in Paragraph 1 except to admit that Plaintiff purports to bring claims individually and on behalf of a putative class against CVS.[1]

2.      The allegations in Paragraph 2 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

3.      The allegations in Paragraph 3 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

4.      Because different physicians may follow different processes for different patients, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 except to admit that the treating physician has the initial and primary responsibility for issuing a valid prescription. To the extent any further response is required, CVS denies the allegations.

5.      The allegations in Paragraph 5 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

6.      CVS denies the allegations in Paragraph 6.

---

[1]      The Court has dismissed Defendant Caremark PHC, LLC from this case. ECF No. 46 at 11.

## II.      THE PARTIES

7.      CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7. To the extent any further response is required, CVS denies the allegations.

8.      CVS admits the allegations in Paragraph 8.

9.      CVS admits the allegations in Paragraph 9, but otherwise denies any and all allegations in the Complaint relating to Caremark PHC, LLC, which has been dismissed from the case.

10.      Paragraph 10 contains no factual allegations and thus no response is required.  To the extent a response is required, the allegations in paragraph 10 are denied.  Further, because Caremark PHC, LLC  has been dismissed from this case and is not answering this complaint, CVS defines "CVS" and "Defendants" only to include CVS Pharmacy, Inc.

11.      CVS denies the allegations in Paragraph 11 except to admit that CVS Pharmacy, Inc. directly or indirectly owns distribution centers that are licensed with DEA to distribute Schedule III, IV, and V controlled substances, and directly or indirectly operates CVS retail pharmacies in the United States that are licensed with DEA to dispense controlled substances, including prescription opioids, and other prescription drugs pursuant to prescriptions written by licensed practitioners. To the extent any further response is required, CVS denies the allegations.

## III.      JURISDICTION AND VENUE

12.      The allegations in Paragraph 12 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

13.      The allegations in Paragraph 13 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

14.     The allegations in Paragraph 14 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

15.     The allegations in Paragraph 15 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

16.     The allegations in Paragraph 16 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

17.     The allegations in Paragraph 17 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

### IV.     CLASS ACTION ALLEGATIONS

18.     The allegations in Paragraph 18 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

19.     The allegations in Paragraph 19 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

20.     CVS denies the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

22.     The allegations in Paragraph 22 state legal conclusions and argument as to which no response is required. In addition, CVS denies that it has engaged in the conduct described in subparts (a)–(h) of Paragraph 22.

23.     The allegations in Paragraph 23 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

24.     The allegations in Paragraph 24 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

25.     The allegations in Paragraph 25 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

26.     The allegations in Paragraph 26 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

27.     The allegations in Paragraph 27 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

28.     The allegations in Paragraph 28 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

29.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29. To the extent any further response is required, CVS denies the allegations.

30.     CVS denies the allegations in Paragraph 30.

## V.     BACKGROUND

31.     CVS denies the allegations in Paragraph 31 insofar as alleged against it except to admit that state, county, and municipal governments have brought more than 2,000 lawsuits against CVS and other national retail pharmacy chains alleging over-dispensing of prescription opioid medications and that enforcement actions have been filed against CVS. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31. To the extent any further response is required, CVS denies the allegations

32.     CVS denies the allegations in Paragraph 32 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32. To the extent any further response is required, CVS denies the allegations.

33.     CVS admits that the Centers for Disease Control ("CDC") issued a Guideline for Prescribing Opioids for Chronic Pain on or about March 15, 2016 that speaks for itself. To the extent any further response is required, CVS denies the allegations.

34.     CVS denies the allegations in Paragraph 34.

35.     CVS denies the allegations in Paragraph 35 except to aver that the cited document speaks for itself.

36.     CVS avers that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

37.     CVS denies the allegations in Paragraph 37 insofar as alleged against it except to aver that the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37. To the extent any further response is required, CVS denies the allegations.

38.     CVS avers that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

39.     CVS avers that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

40.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

41.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

42.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

43.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

## VI.    DEFENDANTS' OPIOID DISPENSING POLICY

44.    CVS denies the allegations in Paragraph 44.

45.    CVS denies the allegations in Paragraph 45.

46.    CVS denies the allegations in Paragraph 46.

47.    CVS denies the allegations in Paragraph 47 except to admit that CVS Pharmacy retail stores dispense controlled substances.

48.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, other than to aver that any cited documents speak for themselves. To the extent any further response is required, CVS denies the allegations.

49.    CVS denies the allegations in Paragraph 49, other than to aver that the CDC Guidline speaks for itself.

50.    CVS denies the allegations in Paragraph 50, other than to aver that the first sentence of the paragraph contains a legal conclusion to which no response is required.

51.    CVS denies the allegations in Paragraph 51.

52.    CVS denies the allegations in Paragraph 52.

53.    CVS denies the allegations in Paragraph 53.

54.    CVS denies the allegations in Paragraph 54.

55.     CVS denies the allegations in Paragraph 55.

56.     CVS denies the allegations in Paragraph 56.

57.     CVS denies the allegations in Paragraph 57 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57. To the extent any further response is required, CVS denies the allegations.

58.     CVS avers that the cited document speaks for itself and admits that CVS pharmacy retail stores are located in 49 states, the District of Columbia, and Puerto Rico, and serve 4.5 million customers per day. To the extent a further response is required, the allegations are denied.

59.     CVS admits the allegations in Paragraph 59 are derived from information disclosed in CVS Health Corporation's 2019 Annual Report, which document speaks for itself.

**VII.    EDITH FUOG**

60.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60. To the extent any further response is required, CVS denies the allegations.

61.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61. To the extent any further response is required, CVS denies the allegations.

62.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62. To the extent any further response is required, CVS denies the allegations.

63.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63. To the extent any further response is required, CVS denies the allegations.

64.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64. To the extent any further response is required, CVS denies the allegations.

65.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65. To the extent any further response is required, CVS denies the allegations.

66.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66. To the extent any further response is required, CVS denies the allegations.

67.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67. To the extent any further response is required, CVS denies the allegations.

68.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68. To the extent any further response is required, CVS denies the allegations.

69.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69. To the extent any further response is required, CVS denies the allegations.

70.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70. To the extent any further response is required, CVS denies the allegations.

71.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71. To the extent any further response is required, CVS denies the allegations.

72.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72. To the extent any further response is required, CVS denies the allegations.

73.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73. To the extent any further response is required, CVS denies the allegations.

74.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74. To the extent any further response is required, CVS denies the allegations.

75.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75. To the extent any further response is required, CVS denies the allegations.

76.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76. To the extent any further response is required, CVS denies the allegations.

77.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77. To the extent any further response is required, CVS denies the allegations.

78.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78. To the extent any further response is required, CVS denies the allegations.

79.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79. To the extent any further response is required, CVS denies the allegations.

80.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80. To the extent any further response is required, CVS denies the allegations.

81.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81. To the extent any further response is required, CVS denies the allegations.

82.     To the extent the allegations in Paragraph 82 state legal conclusions and argument, no response is required. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 82. To the extent any further response is required, CVS denies the allegations.

83.     CVS denies the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 state legal conclusions and argument, no response is required. CVS denies that the plaintiff has suffered damages and otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84. To the extent any further response is required, CVS denies the allegations.

85.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85. To the extent any further response is required, CVS denies the allegations.

## VIII.   THE CVS POLICY APPLIES EXCLUSIVELY OR DISPROPORTIONATELY TO DISABLED PERSONS

86.     CVS denies the allegations in Paragraph 86 except to aver that the cited document speaks for itself and that opioid prescriptions may be written to treat severe pain resulting from disabling medical conditions, including without limitation cancer.   To the extent any further response is required, CVS denies the allegations.

87.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

88.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

89.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

90.     To the extent the allegations in Paragraph 90 state legal conclusions and argument, no response is required. CVS otherwise avers that the referenced CDC Guideline speaks for itself and denies the allegations.

91.     CVS denies the allegations in Paragraph 91.

92.     CVS denies the allegations in Paragraph 92.

**IX.     THE CVS POLICY TREATS DISABLED PERSONS DISPARATELY**

93.     The allegations in Paragraph 93 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

94.     CVS denies the allegations in Paragraph 94.

95.     CVS denies the allegations in Paragraph 95.

**X.     THE CVS POLICY DISPARATELY IMPACT DISABLED PERSONS**

96.     CVS denies the allegations in Paragraph 96 insofar as alleged against it. Statements about who is disabled within the meaning of the ADA state legal conclusions to which no response is required. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96. To the extent any further response is required, CVS denies the allegations.

**XI.     THE CVS POLICY DENIES MEANINGFUL ACCESS TO DISABLED PERSONS**

97.     The allegations in Paragraph 97 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

**XII.     CVS HAS FAILED TO MAKE REASONABLE MODIFICATIONS TO ITS OPIOID DISPENSING POLICY, PRACTICES AND PROCEDURES**

98.     The allegations in Paragraph 98 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

99.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99. To the extent any further response is required, CVS denies the allegations.

100.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100. To the extent any further response is required, CVS denies the allegations.

101.    The allegations in Paragraph 101 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

102.    The allegations in Paragraph 102 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

103.    The allegations in Paragraph 103 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

104.    The allegations in Paragraph 104 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

105.    The allegations in Paragraph 105 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

106.    CVS denies the allegations in Paragraph 106.

### XIII.   CAUSES OF ACTION

#### Count I
#### Violation of Americans with Disabilities Act
#### (42 U.S.C. §12101 et seq)

107.    In response to Paragraph 107, CVS repeats and realleges its responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

108.    The allegations in Paragraph 108 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

109.    The allegations in Paragraph 109 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

110.    The allegations in Paragraph 110 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

111.    The allegations in Paragraph 111 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

112.    The allegations in Paragraph 112 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

113.    The allegations in Paragraph 113 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

114.    The allegations in Paragraph 114 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

**Count II**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**(29 U.S.C. §794)**

115.    In response to Paragraph 115, CVS repeats and realleges its responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

116.    The allegations in Paragraph 116 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

117.    The allegations in Paragraph 117 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

118.    The allegations in Paragraph 118 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

119.    The allegations in Paragraph 119 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

120.    The allegations in Paragraph 120 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

121.    The allegations in Paragraph 121 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

122.    The allegations in Paragraph 122 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

123.    The allegations in Paragraph 123 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

## Count III
### Violation of the Anti-Discrimination Provisions of the Affordable Care Act
### (42 U.S.C. §18116)

124.    In response to Paragraph 124, CVS repeats and realleges its responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

125.    The allegations in Paragraph 125 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

126.    The allegations in Paragraph 126 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

127.    The allegations in Paragraph 127 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

128.    The allegations in Paragraph 128 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

129.    The allegations in Paragraph 129 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

130.    The allegations in Paragraph 130 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

131.    The allegations in Paragraph 131 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

132.    The allegations in Paragraph 132 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

133.    The allegations in Paragraph 133 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

134.    The allegations in Paragraph 134 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

## XIV.   <u>JURY DEMAND</u>

135.    CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## XV.    <u>PRAYER FOR RELIEF</u>

CVS denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

CVS raises the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, CVS does not concede that it bears the burden of proof or the burden of persuasion as to any such defense. CVS reserves the right to rely on any other applicable defenses that may become apparent during fact or expert discovery, or amend this document or its answer to assert any such defense.

## FIRST DEFENSE

The Complaint fails to state a claim against CVS upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD DEFENSE

CVS pharmacists have legitimate nondiscriminatory reasons to decline to fill prescriptions presented by the disabled and the non-disabled alike pursuant to the pharmacists' federal corresponding responsibility under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and 21 C.F.R. § 1306.04(a).

## FOURTH DEFENSE

CVS pharmacists have legitimate nondiscriminatory reasons to decline to fill prescriptions presented by the disabled and the non-disabled alike pursuant to the pharmacists' professional

responsibility under applicable state law, including those imposed by rules, regulations and standards of practice set forth by state boards of pharmacy.

## FIFTH DEFENSE

CVS pharmacists have legitimate nondiscriminatory reasons to decline to fill prescriptions presented by the disabled and the non-disabled alike based on their professional judgment and discretion.

## SIXTH DEFENSE

The accommodation requested by Plaintiff—requiring CVS pharmacists to fill prescriptions "as written" or "as prescribed" by one or more of Plaintiff's physicians—may require CVS pharmacists to violate the law and their standards of practice.

## SEVENTH DEFENSE

CVS' pharmacists would have declined to fill the prescriptions presented by Plaintiff even in the absence, or regardless, of Plaintiff's alleged disability.

## EIGHTH DEFENSE

The remedies demanded by Plaintiff are not a reasonable modification of the pharmacy services provided by CVS and its pharmacists.

## NINTH DEFENSE

Plaintiff has failed to demonstrate that a remedy in equity is warranted, that the grant of injunctive relief would be equitable, or that the balance of hardships tips in her favor.

**TENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees because she has failed to satisfy the standards for obtaining such fees.

**ELEVENTH DEFENSE**

CVS reserves the right to assert any additional or different defenses based on information or knowledge obtained in discovery or investigation.

**PRAYER FOR RELIEF**

WHEREFORE, CVS respectfully requests judgment as follows:

1.      That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of CVS and against Plaintiff.

2.      That CVS' costs and expenses, including reasonable attorneys' fees, be recovered;

3.      That CVS be awarded such other relief as this Court deems just and proper.

Dated: June 3, 2022                                Respectfully submitted,

*/s/ Marcos E. Hasbun*
Marcos E. Hasbun, *pro hac vice*
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
Email: mhasbun@zuckerman.com

Eric. R. Delinsky, *pro hac vice*
Alexandra W. Miller, *pro hac vice*
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 200036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: edelinsky@zuckerman.com
Email: smiller@zuckerman.com
Email: mclark@zuckerman.com

/s/ Robert Clark Corrente
Robert Clark Corrente (#2632)
Whelan Corrente & Flanders, LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel: (401) 270-4500
Fax: (401) 270-3760
Email: rcorrente@whelancorrente.com

*Counsel for CVS Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 3, 2022, the foregoing was filed using the

Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all

attorneys of record.

/s/ *Marcos E. Hasbun*
Marcos E. Hasbun